**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT E. HOLBROOK, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-03-0033 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| SCOTT WALTERS, ET AL., | : |
| | : |
| Defendants. | : |

# M E M O R A N D U M

## I. Introduction

Presently before the Court is Plaintiff's Motion to Compel defendants to produce for inspection and copying documents responsive to his March 11, 2004, Request for Production of Documents. (Dkt. Entry 31.) Plaintiff claims objections raised in defendants' responses to requests 6, 7, 9, 10, 14, 18, 21, 23 and 25 are waived as untimely and are unfounded.[1] For the reasons that follow, Plaintiff's motion to compel will be granted in part and denied in part.

## II. Relevant Background and Procedural History

On January 6, 2003, Plaintiff Robert E. Holbrook, an inmate formerly confined at

---

[1] Although Plaintiff attaches an appropriate Certificate of Service to his motion indicating related documents were served on Defendants, they have not filed a brief in opposition to Holbrook's motion or sought an enlargement of time to do so.

the State Correctional Institution (SCI)-Huntingdon, Huntingdon, Pennsylvania,[2] filed this civil rights action pursuant to 42 U.S.C. § 1983.[3] Holbrook claims that while at SCI-Huntingdon he was placed in Administrative Custody ("AC") in anticipation of a separation transfer to a Long Term Segregation Unit ("LTSU") after being identified as a security threat and an anti-white extremist. Holbrook claims these designations were manufactured by defendant Walters in retaliation for his pursuit of institutional grievances and complaints. (Complaint, Dkt. Entries 1 and 2.) The remaining defendants are alleged to have failed to redress Walters' retaliatory actions once alerted to them.

On February 24, 2004, I granted defendants' motion to dismiss Holbrook's Due Process claim challenging his AC placement. (See Dkt. Entry 25.) Plaintiff's claim of retaliation, which was not challenged by defendants in their motion, is the sole surviving claim.

On March 11, 2004, Holbrook served defendants with his Request for Production of Documents. (See Dkt. Entry 34, Ex. 1.) Defendants inexplicably did not respond to this discovery request until May 26, 2004. (See Dkt. Entry 35, Ex. A.) On June 6, 2004, Plaintiff sent a letter to defense counsel challenging defendants' objections and enclosing "a second request for production of documents with specific requests for documents that was previously

---

[2] Holbrook is currently housed at SCI-Greene, Waynesburg, Pennsylvania.

[3] Named as defendants are the Secretary of the Department of Corrections ("DOC"), Jeffrey Beard, and the following SCI-Huntingdon employees: Superintendent Kenneth Kyler; Deputy Superintendent A. Scott Williamson; Unit Manager Scott Walters; Unit Manager Kenneth Hollibaugh; Counselor Arvil Lovett; and Inmate Program Manager Raymond Lawler.

objected to on the grounds of being overly broad."[4]  (Dkt. Entry 34, Ex. 2.)  Holbrook also objected to defendants' document production in its entirety "due to the defendants attempt to make me pay for the photocopying costs of the documents."[5]  (Id.)

**III.      Discussion**

     **A.      Legal Standard on Scope of Discovery**

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495, 501 (1947).  The polestar of discovery is relevance.  Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable,

---

[4] This second request for production of documents is not the subject of Holbrook's present motion to compel.

[5] Plaintiff also alleges that all but one defendant has failed to respond to his interrogatory requests.  (See Dkt. Entry 33.)  Holbrook also states defense counsel has repeatedly ignored his many letter requests to have defendants' fulfill their various discovery obligations.  While I hope the overdue responses have been forwarded to Plaintiff, and the parties will not need to invoke my intervention to resolve such fundamental and clearly defined discovery obligations, the issue of Defendants' outstanding interrogatory responses is not the subject of Holbrook's present motion to compel, which seeks only to require compliance with document production obligations.  (See Dkt. Entry 31.)

however, is defeasible." Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).

Fed. R. Civ. P. Rule 37 allows a party who has received evasive or incomplete discovery responses to seek a Court order compelling disclosure or discovery of the materials sought. See Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought.

### B. Holbrook's Motion to Compel Production of Documents

#### Request Number 6

> "Any and all document [sic] created by Plaintiff's Program Review Committee on 5/29/03 at SCI-Greene."

(See Dkt. Entry 34, Ex. 1.)

Defendants object to this request because the documents in question were created after Holbrook was transferred from SCI-Huntingdon, and therefore, are irrelevant. (See Dkt. Entry 33, Ex. A.) Holbrook contends this information "bears directly on plaintiff's behavioral history while he was at SCI-Huntingdon and the reasons for his transfer to SCI-Greene." (Dkt. Entry 33.) He suggests the documents could "exonerate" him or support his claims of retaliation because SCI-Greene's PRC entirely disregarded SCI-Huntingdon's recommendations and released him into their institution's general population. Holbrook has articulated a rational relationship between the documents in question and the claims asserted in this matter. Accordingly, Defendants will be directed to produce the documents responsive to

Request No. 6.

### Request Number 7

"On 5/29/03 the Program Review Committee at SCI-Greene ordered the Security Department to conduct a Security Review of plaintiff. This Security Review was conducted by Lt. Workman. Produce the Security Review document presented to the P.R.C."

(See Dkt. Entry 34, Ex. 1.)

Holbrook states he was released to SCI-Greene's general population shortly after the security review was completed. He also claims the requested report does not contain information from confidential informants and that it addresses the issue as to whether he is a security threat. Defendants object to the release of this document as irrelevant as any security reviews conducted after his transfer from SCI-Huntingdon have no bearing on Plaintiff's claim that his AC and transfer were in retaliation for his filing of an OPR complaint. (Dkt. Entry 33, Ex. A.) A review of Holbrook's security level, even one conducted after his transfer from SCI-Huntingdon, may contain information as to defendants' motivations for transferring him from SCI-Huntingdon. Accordingly, Defendants will be required to produce the documents responsive to Request No. 7.

### Request Number 9.

"All documents generated by the DOC's Office of Professional Responsibility (O.P.R.) in their subsequent investigation into the allegations of plaintiff's grievance #25093."

-5-

(See Dkt. Entry 34, Ex. 1.)

Defendants state the requested documents are confidential and object to their release. However, the defendants agreed to produce written statements provided by DOC staff to OPR but not documents reflecting statements made by other inmates which reveal their identity, criminal history and institutional adjustment information. Defendants claim the release of this information would have a serious adverse impact on institutional security. Holbrook claims the investigation related to his grievance that Walters retaliated against him is highly relevant and central to his present action. Although Holbrook's relevance argument is well founded, I cannot ignore the potential harm and/or security threat that the release of statements made by other inmates or their personal information may cause. Therefore, Defendants may redact those portions of the documents in question which they claim pose security concerns, and produce the redacted document to Holbrook.

### Request Number 10.

"The result of the investigation by SCI-Huntingdon['s] Security Captain Levi into guard Blattenberger's conduct on B-Unit at SCIH ordered by the OPR in response to numerous complaints sent to them by prisoners at SCIH."

(See Dkt. Entry 34, Ex. 1.)

Defendants object to this request on the ground that the "documents are not relevant to Plaintiff's claims of retaliation." (Dkt. Entry 33, Ex. 2.) Plaintiff states the document

-6-

is "highly relevant to this action and must be turned over." (Dkt. Entry 33.) He claims the filing of these complaints "set the retaliatory actions of defendant Walters into action" and not turning them over would "severely handicap plaintiff's ability to pursue this claim." (Id.) However, Holbrook does not state how or why he would be handicapped in this action if not provided access to this information, which he contends prompted defendants' alleged retaliatory acts. I find that Holbrook has failed to demonstrate the relevance of the information sought. Thus, I will not direct the production of this document.

### Request Number 14.

> "Plaintiff's 2002 PACT (Pennsylvania Additive
> Classification Tool) annual custody level staffing
> review conducted by defendant Lovitt."

(See Dkt. Entry 34, Ex. 1.)

Holbrook claims the document which was formulated "2 months before plaintiff was placed in the Restricted Housing Unit" will reveal that at the time of the review he was not perceived as a threat to SCI-Huntingdon's security. Defendants object to this request on relevance grounds. Defendants claim Holbrook's classification review is irrelevant to their placement of him in AC and is unlikely to lead to any admissible evidence. (Dkt. Entry 33, Ex. A.) I disagree with Defendants' position. This classification review is plainly pertinent to the retaliation claim. Accordingly, Defendants will be required to produced the documents covered by Request No. 14.

-7-

### Request Number 18.

"The DOC's Administrative Manual and Policy governing the operation of the Long Term Segregation Unit."

(See Dkt. Entry 34, Ex. 1.)

Defendants raise security as well as relevance objections in response to this request. Defendants note that Holbrook was never placed in a Long Term Segregation Unit, and thus the policies and/or manuals related to the operation of such a unit are irrelevant. I agree. Holbrook's asserted need for this document is unconvincing as he claims its relevance simply because he was "selected" for placement in a Long Term Segregation Unit.. As Holbrook was never confined in such a unit, there is little relevance, if any, of the manual and policies governing such a placement, and what probative value the documents may have are outweighed by Defendants' security objection.

### Request Number 21.

"Produce Plaintiff's 17X file at SCI-Greene while he was in the RHU."

(See Dkt. Entry 34, Ex. 1.)

Holbrook claims he needs this information to demonstrate his behavior towards staff at SCI-Greene is not hostile and they do not consider him dangerous. He limits his request to only the RHU Block Evaluations cards. Defendants object to this request as irrelevant as to events of this action which occurred while housed at SCI-Huntingdon, and not SCI-Greene. I

-8-

concur with Defendants' reasoning in the absence of Holbrook's assertion of what, if any, useful and admissible information he hopes to gain from such a request. I will not direct defendants to produce SCI-Greene's RHU Block Evaluation cards on Holbrook. **Request Number 23**

> "Produce all grievances filed against guard Blattenberger since she was employed at SCI-Huntingdon."

(See Dkt. Entry 34, Ex. 1.)

Holbrook relies on Rule 404(b) of the Federal Rules of Evidence, which bars admission of "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith," but that such evidence may be admissible "for other purposes" to argue that Defendants should surrender these documents although they are not directly related to events involving him. He claims grievances and complaints filed against CO Blattenberger are relevant to this action and thus would be admissible for the purpose of demonstrating "supervisory liability" for failing to correct her "prejudicial behavior " towards black prisoners. Defendants object to this request as overbroad, unduly burdensome and irrelevant as Holbrook claims Defendants commenced a campaign of retaliation against him only after he (and others) filed grievances and an OPR complaint against CO Blattenberger. Initially, I note that CO Blattenberger is not a defendant in this action. Additionally, Defendants' supervision of CO Blattenberger is likewise not at issue in this case. Although Holbrook

-9-

complains that she threatened to send him to the RHU on a routine basis, her actions and motivations are not a subject of this lawsuit.  Finally, Holbrook admits that defendants did not commence their campaign of retaliation against him until after he filed an OPR complaint against CO Blattenberger.  Therefore, I find there is no rational relationship between this request for production of documents and Holbrooks' claims of retaliation against the defendants.

### Request Number 25

> "Allow plaintiff access to his DC-15 institutional file for review and photocopy relevant documents concerning the allegations of his complaint and his behavioral and adjustment history in the DOC."

(See Dkt. Entry 33, Ex. A.)

Defendants state this request is overbroad as the DC-15 contains information which is irrelevant to the instant action and which is objectionable based on security concerns. They specifically note that they do not object to disclosing those portions of Holbrook's DC-15 which are relevant to this action and do not raise security concerns.  Id.  Defendants invited Holbrook to formulate a more specific request for documents related to his DC-15, or institutional file.[6]  Holbrook states that he seeks to review his DC-15 to uncover documents to

---

[6] Holbrook submits a June 6, 2004-letter in which he advises defense counsel that he is enclosing "a second request for production of documents with specific requests for documents that was [sic] previously objected to on grounds of being overly broad." Dkt. Entry 34, Ex. 2.  I, however, do not know whether Holbrook's second request for production of documents included

disprove Defendants' assertion that "it was plaintiff's behavior and adjustment history which resulted in his placement in the RHU and not as he contends an act of retaliation." Holbrook does not dispute that his DC-15 is not limited to events that transpired during his stay at SCI-Huntingdon. Documents from the DC-15 that were relied upon or concerned Defendants' 2002 efforts to place Holbrook in the RHU at Walters' prompting, however, are relevant. Thus, Defendants will be required to produce those parts of the DC-15 that are related to Holbrook's placement in the RHU in 2002.

        **C.**      **Holbrook's Request for Gratis Copies of Discovery Materials**.

Holbrook contends defendants "insist" that before they "turn over" any documents responsive to his request for production of documents, he must pay for the photocopying costs. (Dkt. Entry 33, p. 15.) Plaintiff contends that as an inmate serving a life sentence he does not have the financial means to pay this expense.[7] Holbrook asks that Defendants be required to provide photocopies now, with an allocation of responsibility for costs being made at the conclusion of this case (presumably pursuant to 28 U.S.C. § 1920, Taxation of costs).

First, I note that the documents before me reveal that defendants have agreed to "provide Plaintiff with an opportunity to copy and/or view the requested documents at a time that

---

a reformulated request for documents contained in his DC-15, and therefore will address this request on the information presented.

    [7] The monthly inmate account statement Holbrook attached to his brief reveals he had a positive balance of $107.81 at the time. See Dkt. Entry 33, Ex. B.

is mutually agreeable to Plaintiff and counsel for Defendants." (See Dkt. Entry 33, Ex. A.) Contrary to Holbrook's assertion, they have not withheld producing the responsive documents for his inspection and/or copying prior to him paying any photocopying costs. Second, defendants' production of the documents for Holbrook's inspection and/or copying is all that is required under Rule 34 of the Federal Rules of Civil Procedure. Holbrook is required to bear the costs associated with his discovery efforts. There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). Thus, Holbrook's request that defendants provide him with free copies of discovery materials must be denied.[8]

An appropriate Order shall follow.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie, Chief Judge<br>
Middle District of Pennsylvania

TIV:pdt

---

[8]It is hoped, however, that Defendants will act professionally in this manner and provide copies without charge if the documents are not voluminous.

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT E. HOLBROOK, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-03-0033 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| SCOTT WALTERS, ET AL., | : |
| | : |
| Defendants. | : |

**O R D E R**

**AND NOW**, this **21st day of APRIL**, **2005**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery (Dkt. Entry 31) is **GRANTED in part and DENIED in part**.

2. Subject to the limitations set forth in the foregoing Memorandum, Defendants shall produce documents responsive to the document production requests numbered 6, 7, 9, 14 and 25 within twenty (20) days of the date of this Order.

3. Holbrook's request for defendants to provide him with free copies of documents responsive to his request for production of documents is **DENIED**.

                                                 **s/ Thomas I. Vanaskie**
                                                 Thomas I. Vanaskie, Chief Judge
                                                 Middle District of Pennsylvania