# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. HOLBROOK, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-03-0033 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| SCOTT WALTERS, ET AL., | : |
| | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

### BACKGROUND

Plaintiff Robert E. Holbrook, an inmate formerly confined at SCI-Huntingdon, Huntingdon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Named as defendants are the Secretary of the Department of Corrections ("DOC"), Jeffrey Beard, and the following SCI-Huntingdon employees: Superintendent Kenneth Kyler; Deputy Superintendent A. Scott Williamson; Unit Manager Scott Walters; Unit Manager Kenneth Hollibaugh; Counselor Arvil Lovett; and Inmate Program Manager Raymond Lawler. Holbrook claims defendant Walters manufactured claims that he was a security threat and an anti-white extremist in retaliation for him filing grievances concerning the alleged racist behavior a corrections officer displayed towards him and others. The remaining defendants allegedly failed to act when they

---

[1] Holbrook was transferred to SCI-Greene, Waynesburg, Pennsylvania, in June 2003, where he is presently housed.

had the opportunity to remedy Walter's purported retaliatory actions but failed to do so, resulting in Holbrook being placement in administrative custody ("AC") and then transferred from SCI-Huntingdon.

On September 17, 2003, I denied Holbrook's first request for appointment of counsel.  (See Dkt. Entry 24.)  Then on February 24, 2004, I granted defendants' motion to dismiss with respect to Holbrook's Due Process claim challenging his AC placement.  (See Dkt. Entry 25.)  Plaintiff's claim of retaliation, which was not challenged by defendants in their motion, is the sole surviving claim against the defendants.  More recently I addressed Holbrook's motion to compel defendants' responses to his first request for production of documents.  (See Dkt. Entry 39.)

In Holbrook's present motion for appointment of counsel he notes that as a pro se inmate litigant, now removed from the institution where defendants are employed, it is "impossible for plaintiff to conduct dispositions (sic) on the defendants." (Dkt. Entry 32.)  He claims he must depose the defendants in order to obtain evidence supporting his claim of retaliation.  (Id.)  He also states defendants' "obstructionist tactics" of failing to respond to his properly served discovery requests frustrates his ability to marshal the facts necessary to pursue his claims.  He also claims he seeks to depose up to nine (9) inmates who will testify that after they filed complaints with the Department of Corrections' Office of Professional Responsibility, they too were subject of defendants' retaliation.  Finally, Holbrook notes that he

has unsuccessfully attempted to obtain legal counsel for himself in this matter.  For the reasons that follow, Holbrook's second request for appointment of counsel will be denied without prejudice.

**DISCUSSION**

It is well established that there is no statutory or constitutional right to appointment of counsel.  <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, do have broad discretionary power to request that an attorney undertake to represent a litigant unable to afford counsel.  <u>Montgomery v. Pichak</u>, 294 F.3d 492, 499 (3d Cir. 2002), <u>citing</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact <u>and</u> law."  <u>Montgomery</u>, 294 F.3d at 499 (emphasis added).  Next, if plaintiff's claims should pass this threshold consideration, the court is to address a number of other factors, including:

-3-

>   1. the plaintiff's ability to present his or her own case;
>   2. the difficulty of the particular legal issues;
>   3. the degree to which factual investigation will be necessary and the plaintiff's ability to pursue investigation;
>   4. the plaintiff's capacity to retain counsel on his or her own behalf;
>   5. the extent to which a case is likely to turn on credibility determinations, and;
>   6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Plaintiff premises his need for counsel on three grounds: (1) defendants' failure to cooperate in discovery; (2) his inability to conduct appropriate discovery (e.g. depositions) due to his confinement at a facility other than SCI-Huntingdon; and (3) his lack of formal legal training and skills. As to his first claim, that Defendants are not fulfilling their discovery obligations, Holbrook does not need me to appoint counsel to address their alleged dilatory behavior. As previously noted, I have already addressed one motion to compel filed by Plaintiff regarding Defendants' response to his request for production of documents. Holbrook's motion, supporting brief and exhibits were well drafted and well reasoned. Holbrook clearly has the means and ability to bring Defendants' purported discovery abuses to my attention, without the need for counsel. Holbrook will not be pushed into responding to a motion for summary judgment prior to Defendants' responding to all properly propounded discovery requests.

Holbrook next bases his need for counsel on to his desire to conduct depositions of defendants and various inmates whom he has yet to identify. Initially, I note that Holbrook does not have to depose Defendants as there are alternative means to gather their statements

regarding their involvement in the alleged retaliatory scheme against him. Furthermore, depositions can be conducted by telephone or by written questions. This Court could order Defendants to travel to Holbrook's prison to be deposed.[2] Holbrook, however, would be responsible for all costs attendant to the various depositions. Deposition costs would include a court reporter, the deposition transcript, and any fee associated with the use of the DOC's video conferencing, or telephone equipment.[3] As for his desire to depose other inmates as witnesses in this case, Holbrook may be able to take their depositions via written questions as governed by Fed.R.Civ.P. 31.[4] However, prior to doing so, he should contact defense counsel to make the necessary arrangements as the Pennsylvania Department of Corrections', DC-ADM 803, <u>Inmate Mail and Incoming Publications Policy</u>, prohibits inmates from "corresponding with inmates, former inmates, parolees, probationers, co-defendants, or victims of the inmates' criminal acts except <u>with the written approval of the Facility Manager</u>." Thus, provided Holbrook has the financial means to depose the various defendants and or inmate witnesses, he may do

---

[2] As for Holbrook's suggestion that he wishes to depose unidentified inmates, he is reminded that pursuant to Federal Rule of Civil Procedure 30(a), he like any other party, must obtain leave of court prior to taking the deposition of a person confined in prison.

[3] There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

[4] Pursuant to Fed.R.Civ.P. 31(a)(2), a party must seek leave of court prior to taking the deposition upon written questions of an incarcerated individual.

so.

Finally, although Holbrook doubts his own ability to litigate this matter, that simply is not enough reason to appoint him counsel. Holbrook's filings to date are clear, concise and properly raise and address the issues at hand (e.g., opposing defendants' motion to dismiss, or filing a motion to compel defendants' discovery responses). His inability to obtain counsel on his own likewise does not mandate appointment of counsel in this matter. Given the requisite liberal construction afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, the appointment of counsel at this time is not warranted. Stated otherwise, it cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to proceed with the prosecution of this case on his own.

Therefore, Plaintiff's second motion for appointment of counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

**AND NOW**, this 22nd day of April, 2005, **IT IS HEREBY ORDERED** that Holbrook's Second Motion for Appointment of Counsel (Dkt. Entry 32) is **DENIED**.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania