**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT L. HOLBROOK, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-03-0033 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| SCOTT WALTERS, ET AL., | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

**I.   Introduction.**

Presently before the Court is Plaintiff's Motion for Reconsideration (Dkt. Entry 42) of the Order of April 21, 2005, resolving his Motion to Compel Discovery (Dkt. Entry 39). Holbrook's motion only involves the finding related to Request Number 10.  For the reasons that follow, the motion will be denied,

**II.   Relevant Background.**

Corrections Officer (CO) Blattenberger is not a defendant in this action. CO Blattenberger was newly assigned to work on Plaintiff's housing unit in December 2001.  It is alleged that in a one week time period CO Blattenberger issued misconducts to 9 African American inmates, sending them to the Restricted Housing Unit.  Holbrook did not receive a misconduct from CO Blattenberger.  However, he and several other inmates complained to the

Office of Professional Responsibility ("OPR") about CO Blattenberger during the time period of December 2001 through February 2002. (Dkt. Entry 2.) In January 2002, Walters, Holbrook's Unit Manager, advised Plaintiff that OPR had referred his letter to SCI-Huntingdon's Security Office for investigation. Walters told Plaintiff that he did not like prisoners "going over his head" and demanded that Holbrook withdraw his OPR complaint, or "he would see to it that plaintiff goes under for a long time." (Id.)

In March or April 2002, at the request of another inmate, who had filed an informal complaint against CO Blattenberger with OPR, Holbrook assisted in filing a grievance against Blattenberger for her harassment of the other inmate since filing his OPR complaint. (Id.) Plaintiff and other inmates were later questioned as to whether Plaintiff had assisted others in filing informal complaints against Blattenberger. After Holbrook admitted to Walters that he had assisted an inmate in this manner, Walters stated he was "fed up with Plaintiff's grievances and that he was not going to tolerate them or Plaintiff causing trouble on his block." (Id.)

## III.     Discussion.

### Request Number 10.

> "The result of the investigation by SCI-Huntingdon['s] Security Captain Levi into guard Blattenberger's conduct on B-Unit at SCIH ordered by the OPR in response to numerous complaints sent to them by prisoners at SCIH."

(See Dkt. Entry 34, Ex. 1.)

Originally Defendants objected to this request on the ground that the "documents are not relevant to Plaintiff's claims of retaliation." (Dkt. Entry 33, Ex. 2.) Plaintiff states the document is "highly relevant to this action and must be turned over." (Dkt. Entry 33.) He claims the filing of these complaints "set the retaliatory actions of defendant Walters into action," and not turning them over would "severely handicap plaintiff's ability to pursue this claim." (Id.) The document was not produced after I found that Plaintiff failed to state "how or why he would be handicapped in this action if not provided access to this information, which he contends prompted defendants' alleged retaliatory acts." (Dkt. Entry 39.)

Plaintiff now claims the OPR investigation is necessary to his claim of retaliation against Walters as it will demonstrate the emergence of defendant's retaliatory motives. He claims the report "would reveal if defendants focused the investigation into the guard's conduct or into plaintiff's conduct in the mass filing of informal complaints with OPR." (Dkt. Entry 43.) Holbrook further adds that Defendant Walters "was involved" with the investigation and "assisted" in arranging inmate interviews. Without this material Plaintiff asserts he will not be able to demonstrate Walters' "primary motivation for retaliating against Plaintiff." (Id.)

Holbrook's motion for reconsideration restates his original argument as to his need for this information. He has not offered a basis for needing the information, and is instead on a "fishing" expedition. The resolution of the investigation of complaints against CO

-3-

Blattenberger simply has no logical nexus to Holbrook's retaliation complaints against others.

The investigation was not conducted by Walters or any of the Defendant.

    An appropriate Order shall follow.


                                      **s/ Thomas I. Vanaskie**
                                      Thomas I. Vanaskie, Chief Judge
                                      Middle District of Pennsylvania

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT E. HOLBROOK,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL NO. 3:CV-03-0033** |
| **v.** : | |
| : | **(CHIEF JUDGE VANASKIE)** |
| **SCOTT WALTERS, ET AL.,** : | |
| : | |
| **Defendants.** : | |

## O R D E R

**NOW, THIS 17th DAY OF FEBRUARY, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Dkt. Entry 42) is **DENIED**.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania